## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARJORIE LANE,**

    **Plaintiff,**

**v.**                                                         **Case No. 8:14-cv-3116-T-30AEP**

**GOULD & LAMB, LLC.,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint and Compel Arbitration (Dkt. 6). Plaintiff failed to file a response to Defendant's motion during the relevant period of time. Thus, the motion is considered unopposed and will be granted. For the reasons below, the Court also grants the motion on the merits.

## **DISCUSSION**

Plaintiff Marjorie Lane filed the instant action against her former employer, Defendant Gould & Lamb, LLC., alleging claims under the Americans with Disabilities Act, the Family Medical Leave Act, and the Florida Civil Rights Act. During her employment, Lane signed a confidentiality agreement that contains an arbitration provision. Lane agreed to resolve all employment related disputes and disputes "occurring as a result of the employment relationship" through binding arbitration. Defendant's motion requests that the Court dismiss this case and compel arbitration.

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has stated that employment contracts, except for contracts involving exempted transportation workers, are included within the meaning of a contract involving commerce. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 113-14 (2001). It is well established that federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements. *See U.S. Fid. & Guar. Co. v. West Point Constr. Co., Inc.,* 837 F.2d 1507, 1508 (11th Cir. 1988). "[A]rbitration is a matter of contract [and] the [Federal Arbitration Act's] strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Lawson v. Life of the S. Ins. Co.,* 648 F.3d 1166, 1170 (11th Cir. 2011) (internal citations omitted).

"There are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived." *Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.,* 776 So. 2d 940, 942 (Fla. 3d DCA 2000) (quoting *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)).

Upon review of the agreement, the Court concludes that Lane entered into a valid agreement to arbitrate. Moreover, an arbitral issue clearly exists, and there are no facts suggesting that Gould & Lamb waived its arbitration rights.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Complaint and Compel Arbitration (Dkt. 6) is granted.

2. This action is hereby dismissed in favor of arbitration.

3. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2015.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-3116.mtcompel-arbitration-6.frm